UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LEE BROOKS, II,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GAVEN NEWSOM, et al.,<br><br>　　　　Defendants. | No. 2:23-cv-0481 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that his rights were violated during a 2022 parole hearing. Presently before the court is plaintiff's motions to proceed in forma pauperis (ECF Nos. 2, 7.), request that the court screen the amended complaint (ECF No. 8), and his amended complaint (ECF No. 6) for screening. For the reasons set forth below, the undersigned will grant the motions to proceed in forma pauperis, grant the request to screen the first amended complaint, and dismiss the complaint with leave to amend.

**IN FORMA PAUPERS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF Nos. 2, 7.) Accordingly, the requests to proceed in forma pauperis will be granted.

////

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**REQUEST FOR SCREENING OF FIRST AMENDED COMPLAINT**

Before the court had the opportunity to screen the original complaint, plaintiff filed a first amended complaint. (ECF No. 6.) Thereafter, plaintiff submitted a request that the court screen his First Amended Complaint. (ECF No. 8.) In support of his request, he states that the amended complaint contains additional allegations and support for his claims. Because an amended complaint supersedes any prior complaint, the court will grant plaintiff's request and screen the first amended complaint.

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

2

490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional

3

violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff states the events giving rise to the claim occurred while he was incarcerated at Mule Creek State Prison ("MCSP"). (ECF No. 6 at 1.) He has identified the following defendants: (1) the state of California; (2) California Governor Gavin Newsom; (3) the Board of Parole Hearings ("BPH"); (4) John Doe 1, BPH Commissioner; and (5) John Doe 2, BPH Commissioner. (Id. at 2.)

Plaintiff alleges on August 12, 2022, he had an "Elderly Parole Suitability Hearing," and suitability was denied for three years. (Id. at 3.) Plaintiff claims that the commissioners determined that he was unsuitable for parole based on their hatred of black men and claims that the BPH uses racist procedures to deny parole suitability. He further claims that the commissioners disregarded factors that support a finding of suitability such as the past 10 years of his disciplinary record, his participation in self-help groups, exemplary behavior, his age and serious health conditions, and his amount of time served. (Id.)

Plaintiff further states that he is a "qualified individual with a disability." He alleges that his "dark skin in the States, BPH, discriminatory policy of denial of parole suitability on August 12, 2022, due to race means [he] is an individual with a disability who with or without reasonable modifications to rules, policies, or practices, the removal of architectural social culture, of discrimination against Black inmates." (Id. at 6.)

Plaintiff claims that the finding of unsuitability violated his right to remain free of cruel and unusual punishment and deprived him of his right to due process and equal protection under the law. (Id. at 5.) Plaintiff seeks declaratory relief, an order rendering the finding of unsuitability invalid, and monetary damages.

////

////

### III. Does Plaintiff State a Claim under § 1983?

#### A. Due Process

The United States Supreme Court severely limited federal court review of state parole board in Swarthout v. Cooke, 562 U.S. 216 (2011). The Court acknowledged that California law creates a liberty interest in parole protected by the Due Process Clause, which is reasonable and requires fair procedures. Id. at 219-20. Due process is satisfied where an inmate "is allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Swarthout, 562 U.S. at 220 (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979)). Swarthout bars any challenge to the sufficiency of the evidence to support the Board's decision. See Roberts v. Hartley, 640 F.3d at 1046 (it "makes no difference that [the petitioner] may have been subjected to a misapplication of California's 'some evidence' standard. A state's misapplication of its own laws does not provide a basis for granting" relief.); Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 717 (9th Cir. 2011) (issue is not whether the Board's parole denial was substantively reasonable," or whether the Board correctly applied state parole standards, but simply was "whether the state provided Miller with the minimum procedural due process outline in [Swarthout v.] Cooke").

There are no allegations contained in the complaint to indicate that plaintiff was not provided with the minimum procedural protections outlined in Swarthout in any of his parole hearings. Rather, he claims that he was denied parole based on his race and that commissioners failed to consider factors that would support a finding of suitability for parole. Section 1983 provides a remedy only for violation of the Constitution or law or treaties of the United States. Swarthout, 562 U.S. at 222 (the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts).

Accordingly, the undersigned finds that plaintiff has failed to allege facts sufficient to show that the denial of parole violated his right to due process. Additionally, any allegation that denial of parole violated his rights under California law, such an allegation fails to state a cognizable § 1983 claim. Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)

("To the extent that the violation of state law amounts to the deprivation of a state created liberty interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress.").

### B. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985); Hartmann v. Calif. Dept. of Corrs. and Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). State prison inmates retain a right to equal protection of the laws guaranteed by the Fourteenth Amendment. Walker v. Gomez, 370 F.3d 969, 974 (9th Cir. 2004) (citing Lee v. Washington, 390 U.S. 333, 334 (1968)). An equal protection claim may be established by showing that defendants intentionally discriminated against plaintiff based on his membership in a protected class, Hartmann, 707 F.3d at 1123, or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Dept. of Agriculture, 553 U.S. 591, 601-02 (2008). Disability is not a suspect class for Equal Protection purposes. Pierce v. County of Orange, 526 F.3d 1190, 1225 (9th Cir. 2008).

Plaintiff has stated that he was denied parole based on his race. (ECF No. 6 at 4-7.) However, he has failed to provide any additional details to support his conclusion. "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (citation omitted). Conclusory statements of bias are not sufficient to support a claim for race-based discrimination. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

In any amended complaint, plaintiff must allege facts that would support a finding that the commissioners acted with discriminatory intent.

### C. ADA

Plaintiff claims that he is a "qualified individual with a disability [his] dark skin in the States, BPH, discrimen[a]tory policy of denial of parole suitability on Aug. 12, 2022 due to race

6

means [he is] an individual with a disability who with or without reasonable modifications to rules, polices, or practices, the removal of architectural social culture, of discrimination against Black inmates." (ECF No. 6 at 7.) "Under the ADA, race is not a disability because race is not a physical or mental impairment. Therefore, [the plaintiff] cannot bring a suit for racial discrimination under the ADA." Martin v. Mecklenburg County Park and Recreation Dept., No. 3:06 CV 290, 2006 WL 3780418, *3 (W.D. N.C. Dec. 20, 2006).

### D. Immune and Proper Defendants

Plaintiff has named two John Doe BPH commissioners as defendants. However, BPH commissioners are state officers entitled to Eleventh Amendment immunity when acting in their official capacities. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) "[A] suit against a state official in his or her official capacity is not a suit against the official's office."). BPH commissioners, who exercise quasi-judicial responsibilities in rendering parole decisions, are absolutely immune from damages liability in their official capacities. See Sellars v. Procunier, 641 F.2d 1295, 1302-03 (9th Cir.), cert. denied, 454 U.S. 1102 (1981); cf. Swift v. California, 384 F.3d 1184, 1186, 1191 (9th Cir. 2004) (parole officers not entitled to absolute immunity for conduct independent of Board's decision-making authority, e.g., in performing investigatory or law enforcement functions). Because parole board officials are entitled to absolute immunity when rendering a parole decision, Sellers, 641 F.2d at 1302, plaintiff fails to state a cognizable claim against the Doe defendant commissioners in the complaint.

Plaintiff has named the state of California and Governor Newsom as defendants in this action. However, the complaint does not contain any allegations explaining how these defendants were involved in the violation of his rights.

The Civil Rights Act (42 U.S.C. § 1983) requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). To state a claim for relief under §1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Additionally, plaintiff must clearly identify which defendants he feels are responsible for each

7

violation of his constitutional rights and the factual basis. His complaint must put each defendant on notice of plaintiff's claims against him or her. See Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004). In any amended complaint, plaintiff should explain how each named defendant violated his rights.

### E. Eighth Amendment

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

Plaintiff has indicated that his claim in this action arises under the Eighth Amendment. (ECF No. 6 at 6.) However, he has not alleged facts that would support a finding that denial of parole exposed him to cruel and unusual punishment. Accordingly, the undersigned finds that plaintiff has failed to allege a cognizable Eighth Amendment claim.

### AMENDING THE COMPLAINT

As set forth above, the complaint fails to state a claim. However, plaintiff will be given the opportunity to submit an amended complaint. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who

8

personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for leave to proceed in forma pauperis (ECF Nos. 2, 7) are granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's amended complaint (ECF No. 6) is dismissed with leave to amend.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  October 11, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/broo0481.scrn