UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LEE BROOKS, II,<br><br>Plaintiff,<br><br>v.<br><br>GAVEN NEWSOM, et al.,<br><br>Defendants. | No. 2:23-cv-0481 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that his rights were violated during a 2022 parole hearing. Presently before the court is plaintiff's amended complaint (ECF No. 14) for screening. For the reasons set forth below, the undersigned will recommend that the complaint be dismissed without leave to amend.

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

////

1

granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

2

meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff states the events giving rise to the claim occurred during a parole suitability hearing at California Health Care Facility ("CHCF"). (ECF No. 14 at 3.) He has identified the following defendants: (1) California Governor Gavin Newsom; (2) the Board of Parole Hearings ("BPH"); (3) BPH Presiding Commissioner, Troy Taira; and (4) BPH Deputy Commissioner, Rachel Stern. (Id. at 2.)

Plaintiff states on August 12, 2022, he had his first "Elderly Parole Suitability Hearing." (Id. at 3.) Following the hearing, Taira and Stern determined plaintiff was not suitable for release. (Id.) He alleges that in making the determination, defendants "used the new BPH, harsher procedural guidelines on [his] 32 years old case" rather than the procedures from 1990, the year his crime was committed. (Id.) Plaintiff states that Governor Newsom has the authority to review all parole decisions and he approved the procedures used during the hearing. (Id. at 3-4.)

Plaintiff also alleges that both the state and federal law bar the infliction of punishment that is grossly disproportionate to the offender's individual culpability. (Id. at 5.) Plaintiff claims the BPH did not consider his individual culpability in light of the time he has served and failed to apply the statutory requirements of Elderly Parole Suitability Programs to his hearing. (Id.)

////

3

Plaintiff seeks "invalidation of the BPH Elderly Parole Suitability procedures and [a] new Elderly Parole Suitability Hearing, conducted under constitutionally proper procedures and an injunction ordering the State BPH, to comply with constitutional due process and ex post facto, requirements in the future." (Id. at 4, 7.) He also requests a declaratory and injunctive relief. (Id.)

### III. Does Plaintiff State a Claim under § 1983?

#### A. Due Process

The United States Supreme Court severely limited federal court review of state parole board in Swarthout v. Cooke, 562 U.S. 216 (2011). The Court acknowledged that California law creates a liberty interest in parole protected by the Due Process Clause, which is reasonable and requires fair procedures. Id. at 219-20. Due process is satisfied where an inmate "is allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Swarthout, 562 U.S. at 220 (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979)). Swarthout bars any challenge to the sufficiency of the evidence to support the Board's decision. See Roberts v. Hartley, 640 F.3d at 1046 (it "makes no difference that [the petitioner] may have been subjected to a misapplication of California's 'some evidence' standard. A state's misapplication of its own laws does not provide a basis for granting" relief.); Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 717 (9th Cir. 2011) (issue is not whether the Board's parole denial was substantively reasonable," or whether the Board correctly applied state parole standards, but simply was "whether the state provided Miller with the minimum procedural due process outline in [Swarthout v.] Cooke").

As in the original complaint, there are no allegations contained in the complaint to indicate that plaintiff was not provided with the minimum procedural protections outlined in Swarthout in any of his parole hearings. Rather, he claims that his rights were violated because the commissioners used harsher procedural guidelines on his case than those applicable when the crime occurred and failed to consider his individual culpability. (ECF No. 14 at 3-5.) Section 1983 provides a remedy only for violation of the Constitution or law or treaties of the United States. Swarthout, 562 U.S. at 222 (the responsibility for assuring that the constitutionally

4

adequate procedures governing California's parole system are properly applied rests with California courts).

Plaintiff's allegation that California regulations related to the Elderly Parole Program was improperly applied, cannot be adjudicated by this court. The Supreme Court stated in Swarthout v. Cooke, that it is not the role of federal courts to determine whether California's laws or regulations were correctly applied in plaintiff's case. 562 U.S. at 222. A "mere error of state law is not a denial of due process." Swarthout, 562 U.S. at 222 (internal quotations omitted). Additionally, merely asserting violations of Due Process cannot "transform a state-law issue into a federal one." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).

Federal courts may not intervene in parole decisions if minimum procedural protections were provided, i.e., an opportunity to be heard and a statement of the reasons why parole was denied. Here, there are no allegations that would indicate plaintiff was not provided the opportunity to be heard or deprived of a statement of reasons explaining the commissioners' decision. Thus, his claim is not cognizable. Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) ("To the extent that the violation of state law amounts to the deprivation of a state created liberty interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress.").

**B. Immune and Proper Defendants**

Plaintiff has identified Commissioner Taira and Deputy Commissioner Stern as defendants. However, as plaintiff was previously advised (ECF No. 9 at 7), BPH commissioners are state officers entitled to Eleventh Amendment immunity when acting in their official capacities. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) "[A] suit against a state official in his or her official capacity is not a suit against the official's office."). BPH commissioners, who exercise quasi-judicial responsibilities in rendering parole decisions, are absolutely immune from damages liability in their official capacities. See Sellars v. Procunier, 641 F.2d 1295, 1302-03 (9th Cir.), cert. denied, 454 U.S. 1102 (1981); cf. Swift v. California, 384 F.3d 1184, 1186, 1191 (9th Cir. 2004) (parole officers not entitled to absolute immunity for conduct independent of Board's decision-making authority, e.g., in performing investigatory or

law enforcement functions).  Because parole board officials are entitled to absolute immunity when rendering a parole decision, Sellers, 641 F.2d at 1302, plaintiff fails to state a cognizable claim against defendants Taira and Stern.

Plaintiff has named the state of California and Governor Newsom as defendants in this action.  However, the complaint does not contain any allegations explaining how these defendants were involved in the violation of his rights.

The Civil Rights Act (42 U.S.C. § 1983) requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  To state a claim for relief under §1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.  Additionally, plaintiff must clearly identify which defendants he feels are responsible for each violation of his constitutional rights and the factual basis.  His complaint must put each defendant on notice of plaintiff's claims against him or her.  See Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004).  In any amended complaint, plaintiff should explain how each named defendant violated his rights.

**E.  Eighth Amendment**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S. Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

Plaintiff alleges that his Eighth Amendment rights have been violated because denial of parole has rendered the punishment "grossly disproportionate to his individual culpability."  (ECF No. 14 at 5.)  The court notes that plaintiff has not indicated the nature of his commitment offense.  However, he states that his sentence was 43 years, 4 months and he became eligible for a

1 parole hearing after serving 25 years and turning 65 years old.  (Id. at 3.)  However, plaintiff has
2 no constitutional right to release prior to the expiration of an otherwise valid sentence.
3 Greenholtz, 442 U.S. at 7 ("There is no constitutional or inherent right of a convicted person to be
4 conditionally release before the expiration of a valid sentence.").

5 Other courts have consistently held that denial of parole does not implicate the Eighth
6 Amendment.  See e.g., Johnson v. Finn, 468 Fed. Appx. 680, 684 (9th Cir. 2012) (denial of parole
7 and continued incarceration pursuant to indeterminate sentenced did not constitute cruel and
8 unusual punishment); Dackerman v. Ndoh, No. CV 16-6626-R (E), 2016 WL 8735628, at *3
9 (C.D. Cal. Nov. 2, 2016) (Eighth Amendment claim based on parole denial and "continued
10 incarceration plainly meritless for petitioner convicted of attempted murder, false imprisonment,
11 kidnapping, and assault), recommendations adopted, 2016 WL 8738147 (C.D. Cal. Dec. 2, 2016);
12 Garcia v. Valenzuela, 2014 WL 683795, at *3 (C.D. Cal. Feb. 18, 2014) (denial of parole and
13 continued incarceration fails to state an Eighth Amendment claim in light of Cooke, Greenholtz,
14 and Harris).  Accordingly, the undersigned finds that plaintiff has failed to allege a cognizable
15 Eighth Amendment claim.

16 **IV.    No Leave to Amend**

17 As set forth above, plaintiff has not alleged facts sufficient to state a cognizable claim.
18 The court will recommend that plaintiff's amended complaint be dismissed without leave to
19 amend because plaintiff was previously notified of the deficiencies and has failed to correct them.
20 A plaintiff's "repeated failure to cure deficiencies" constitutes "a strong indication that the
21 [plaintiff] has no additional facts to plead" and "that any attempt to amend would be futile[.]"
22 See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 10088 (9th Cir. 2009) (internal
23 citations marks omitted) (upholding dismissal of complaint with prejudice when there were "three
24 iterations of [the] allegations—none of which, according to [the district] court, was sufficient to
25 survive a motion to dismiss"); see also Simon v. Value Behavioral Health, Inc., 208 F.3d 1073,
26 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff failed to correct
27 deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and had
28 discussed with plaintiff the substantive problems with his claims), amended by 234 F.3d 428,

overruled on other grounds by Odom v. Microsoft Corp., 486 F.3d 541, 551 (9th Cir. 2007); Plumeau v. Sch. Dist. 40 Cnty. of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

Plaintiff was previously advised of the standards applicable claims raised under the Due Process Clause and the Eighth Amendment and notified of the defects in the allegations. (ECF No. 9 at 5-7.) As explained above, plaintiff did not correct the deficiencies in the second amended complaint. Thus, the undersigned is convinced that further amendment would be futile. Accordingly, the undersigned will recommend that the complaint be dismissed without leave to amend.

## CONCLUSION

For the reasons set forth above, the Clerk of the Court is ORDRERED to randomly assign this action to a United States District Judge.

IT IS HEREBY RECOMMENDED that plaintiff's second amended complaint (ECF No. 14) be dismissed without leave to amend.

These findings and recommendations are submitted to the United States Magistrate Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 4, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/broo0481.scrn2 fr